UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURY CHESTARO,

    Plaintiff,

v.

                                    CASE No. 1:20-cv-146

MICHAEL J. DUNN,                   HON. ROBERT J. JONKER

    Defendant.

_____/

## ORDER

    Plaintiff, a Michigan resident, filed a pro se Complaint stating only one thing on the first page: "I need my payment $1 billion dollars and paternity for my son Alex." The second page repeats: "I need my money Paternity for my son Alex." The named defendant is Michael Dunn at 180 Ottawa Avenue here in Grand Rapids. Mr. Dunn is a licensed Michigan attorney. The Complaint includes nothing else.

    The Magistrate Judge has granted Plaintiff permission to proceed IFP. (ECF No. 4). Because Plaintiff is proceeding IFP, this Court has the obligation to dismiss any matter that is "frivolous or malicious," or that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Plaintiff's filing qualifies for dismissal under this provision.

    In the first place, Plaintiff has failed to plead any facts that even hint at, much less establish, a basis for subject matter jurisdiction. The parties named are both Michigan citizens, and so there can be no diversity under 28 U.S.C. § 1332. Nor does Plaintiff identify any possible claim that establishes a substantial federal question. To the contrary, he does not mention any federal statute, case or other theory of relief that would bring the case within potential federal question jurisdiction

under 28 U.S.C. § 1331. The matter must therefore be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Alternatively, even if the Court had a basis for subject matter jurisdiction, the matter would be subject to dismissal because Plaintiff utterly fails to plead a *Twombly* plausible claim. In fact, it's not clear what, if any, cause of action Plaintiff is trying to bring. He wants a billion dollars, and he wants paternity established for his son. But he articulates nothing that even tries to connect his desires with a legal basis for relief. Accordingly, the matter is also subject to dismissal for failure to state a claim under Rule 12(b)(6).

In sum, the Court **DISMISSES** the case under 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**


Dated:    February 20, 2020           /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE